UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VICTORIA SHANEKA TILLMAN FELTON** | * | **CIVIL ACTION NO. 25-2242** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **FIFTH THIRD BANK, N.A. AND WISELY ® BY ADP, INC.** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |

\* \* \* \* \* \* \* \*

### ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement pursuant to Rule 12(e) filed by Defendants Fifth Third Bank, N.A., and Wisely® by ADP, Inc. (collectively, "Defendants"). R. Doc. 8. Plaintiff Victoria Felton, proceeding *pro se*, filed four separate documents, which the Court will collectively construe as her opposition to Defendants' motion to dismiss. R. Docs. 12, 15, 16, 17. Defendants filed a reply. R. Doc. 14. The Court has considered the briefing, record, and applicable law, and will dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff may pursue her claims against Defendants in state court.

**I.    BACKGROUND & PRESENT MOTION**

Plaintiff filed suit against Defendants on November 3, 2025, alleging that she "listed Wisely for [her] primary account for school and there are some shortages with [her] deposit from the government more than one time" and lists that these shortages occurred in April 2025, May 2025, and May 2024. R. Doc. 1 at 4. This is the only substantive factual allegation in her complaint. She sued Defendants, her banking services providers, asking "to be compensated for money not deposited and inconsistency in charges on [her] account." *Id.*

Defendants move to dismiss this suit, asserting that Plaintiff failed to state a cognizable claim against them. R. Doc. 8. They also aver that Plaintiff did not sufficiently serve them with process because Plaintiff sent the complaint via certified mail to a California P.O. box for each Defendant. R. Doc. 8-1 at 3–4. Defendants contend that Plaintiff should have served each Defendant's Louisiana registered agent through personal—not certified mail—service. *Id.*

Plaintiff filed a variety of responses. R. Docs. 12, 15, 16, 17. Importantly, one document styled as "Burden of Proof" attached a handful of exhibits that appear to be screenshots of her student loan information from her Delgado Community College student portal/account and her loan servicer portal/account. R. Doc. 15. She also attached other documents evidencing the alleged shortages in her "accepted" loan amounts and her "paid" loan amounts. R. Doc. 15-1. Defendants replied, largely arguing that Plaintiff does not explain Fifth Third Bank or Wisely® by ADP's role, if any, in the alleged shortages and inconsistent charges. R. Doc. 14.

## II.    LAW & DISCUSSION

Federal courts are courts of limited jurisdiction, and they can only hear cases when one of two jurisdictional conditions are met: (1) the complaint states a cause of action arising under federal law, or federal question jurisdiction, *see* 28 U.S.C. § 1331, or (2) the parties are citizens of different states and the amount in controversy exceeds $75,000, or diversity jurisdiction, *see* 28 U.S.C. § 1332. This is called subject matter jurisdiction, and the burden of proof to demonstrate the presence of subject matter jurisdiction is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Here, Plaintiff initiated this federal complaint, so she bears the burden of demonstrating subject matter jurisdiction.

"Subject-matter jurisdiction is essential for the federal judiciary to hear a case" and it can never be waived or forfeited. *The Lamar Co., LLC v. Miss. Transp. Comm'n*, 976 F.3d 524, 528

(5th Cir. 2020). Each federal court must ensure that subject matter jurisdiction is present in every case and can do so on its own, without the parties raising the jurisdictional challenge. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

District courts can dismiss suits for lack of subject matter jurisdiction "'on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Ynclan v. Dep't of Air Force,* 943 F.2d 1388, 1390 (5th Cir. 1991)). In assessing the record, the Court must also liberally construe pleadings filed by *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that courts should construe *pro se* pleadings liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers").

Here, the Court conducted a review of Plaintiff's complaint, as well as the briefing and record documents, to assess whether it has subject matter jurisdiction over the instant lawsuit. Based on the record presently before the Court, and even liberally construing the record, subject matter jurisdiction is not present here. Additionally, the Court finds that this deficiency cannot be cured by affording Plaintiff leave to amend her complaint.

First, Plaintiff does not identify any statute that could support federal question jurisdiction. And second, it does not appear, on the face of Plaintiff's complaint, that the two requirements of diversity jurisdiction are met. Plaintiff's complaint states that the amount in controversy is $70,000. R. Doc. 1 at 4. The monetary threshold to establish federal court jurisdiction is $75,000. 28 U.S.C. § 1332. Looking beyond the complaint, Plaintiff does list some potential compensatory damages that she believes she is entitled to, which totals $20,615.52. R. Doc. 12 at 1. In that same

3

document, she further explains that she is asking "for punitive damages [of] 75,000.00 for diversity jurisdiction." *Id.*

These arguments do not carry Plaintiff over the jurisdictional threshold. It is true that it is well settled that punitive damages can be included in the amount-in-controversy calculation. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). But Plaintiff has not pleaded the reasons why her claims for relief entitle her to punitive damages and, in any event, cannot simply argue that the amount-in-controversy is satisfied without pleading any facts or legal theories that could substantiate that claim. *See Lee v. Allstate Ins. Co.*, No. 18-694, 2019 WL 1549429, at *2 (S.D. Miss. Apr. 9, 2019) ("So without knowing the compensatory damages, there is no way to know the legally permissible punitive damages. And here, [the plaintiff's] Complaint offers no basis for determining the extent of [their] compensatory damages.").

The Court has reviewed Plaintiff's documents and finds that Plaintiff's potential compensatory damages fall far below $75,000, and are so low that even if the Court factored in any potential punitive damages award, Plaintiff could not plausibly satisfy the amount-in-controversy requirement. For example, R. Doc. 15-1 appears to be screenshots from Plaintiff's account with her loan servicer. Under the "Loans" header, there are line items reflecting the following:

| Year | Period | Accepted | Paid |
|---|---|---|---|
| 2025-2026 | 8/18/25–12/9/25 | $1,750.00 | $1,732.00 |
| 2025-2026 | 8/18/25–12/9/25 | $3,000.00 | $2,969.00 |
| 2024-2025 | 1/18/25–5/13/25 | $1,750.00 | $1,732.00 |
| 2024-2025 | 6/4/25–7/28/25 | $1,750.00 | $1,732.00 |
| 2024-2025 | 1/18/25–5/13/25 | $3,000.00 | $2,969.00 |
| 2024-2025 | 6/4/25–7/28/25 | $3,000.00 | $2,969.00 |
| | **TOTAL:** | **$14,250.00** | **$14,103.00** |

Informed by Plaintiff's representations in her complaint that she believes there were shortages between her accepted loan amounts and the loan amounts she was actually paid, the difference in

4

those payments, at least for the foregoing semesters and as reflected by her loan servicer's webpage, totals $147.00. *See* R. Doc. 15-1 at 3–4. Nominal damages like this cannot support the presence of diversity jurisdiction.

Moreover, the Court notes that Plaintiff submitted what appears to be a screenshot of her Delgado loan records. R. Doc. 15-1. Her Delgado portal reflects identical nominal fee deductions that the Court observed to be present in Plaintiff's loan servicer portal screenshots. *Compare* R. Doc. 15-1 at 3–4 *with id.* at 8, 10. This suggests to the Court that the fee deduction may be occurring at a point *prior to* Plaintiff's student loans entering her bank account(s) with Defendants. *E.g.*, R. Doc. 15-1 at 8 (depicting the loan period of 1/18/25–5/13/25 with an "accepted" amount listed as $1,750.00 and a "paid" amount of $1,732.00). Therefore, not only does the Court observe that Plaintiff has not met the $75,000 amount-in-controversy requirement, it finds that it is uncertain whether Plaintiff could state a cognizable claim against *these Defendants*.

"Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her 'best case.'" *Schaefer v. David Simpson Harris County IV-D Agency*, No. 24-1142, 2024 WL 4682340, at *4 (S.D. Tex. Sept. 24, 2024), *report and recommendation adopted*, 2024 WL 4681618 (citing *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). Based on the record before it, the Court finds that Plaintiff has pleaded her best case and cannot state a cognizable claim against these Defendants based on the factual contention in her complaint.

### III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of diversity jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff may choose to proceed in state

court against the appropriate parties, or refile her action in federal court with appropriate support that federal jurisdiction is appropriate.

      **IT IS FURTHER ORDERED** that all pending motions are hereby **DENIED AS MOOT**.

New Orleans, Louisiana, this 12th day of February, 2026.

                                                          THE HONORABLE ELDON E. FALLON