**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| VICTORIA SHANEKA TILLMAN FELTON | * | CIVIL ACTION NO. 25-2242 |
| VERSUS | * | JUDGE ELDON E. FALLON |
| FIFTH THIRD BANK, N.A. AND | * | MAGISTRATE JUDGE |
| WISELY ® BY ADP, INC. | | EVA J. DOSSIER |
| *   *   *   *   *   *   *   * | | |

**ORDER & REASONS**

Before the Court is a motion for reconsideration filed by *pro se* Plaintiff Victoria Felton. R. Doc. 21. For the following reasons, the Court will deny her motion.

**I.      BACKGROUND & PRESENT MOTION**

Plaintiff filed suit against Defendants Fifth Third Bank, N.A., and Wisely® by ADP, Inc. (collectively, "Defendants"), alleging that they are to blame for "shortages" of her student loan deposits into her bank account with them. R. Doc. 1 at 4. The Court dismissed her suit pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure because the Court found that it did not have subject matter jurisdiction over the action and that Plaintiff had pleaded her best case, thus rendering amendment futile. R. Doc. 18. In its Order & Reasons, the Court explained to Ms. Felton that her supporting documentation (1) revealed "shortages" in a total amount of $147.00 across three semesters of school, and (2) that the alleged "shortages" appear to originate in her student portal account, rather than in her bank account. *Id.* at 4–5. Considering this, the Court dismissed her complaint because the amount-in-controversy could not plausibly exceed $75,000.00 and noted that she has the option to pursue her claims in state court if she wished to do so.

Plaintiff now files a motion for reconsideration, asking the Court to review additional documentation and recognize that she has asserted a claim for more than $75,000.00. R. Doc. 21.

## II.   APPLICABLE LAW

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within twenty-eight days of its entry. The Fifth Circuit recognizes three grounds for the granting of a motion for reconsideration under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003) (cleaned up).

"A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Shopf v. Griggers*, No. 17-10958, 2018 WL 1453214, at *1 (E.D. La. Mar. 23, 2018); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## III.   DISCUSSION

Plaintiff, proceeding *pro se*, does not present arguments relative to the reconsideration standards. *See* R. Doc. 21. Preliminarily, the Court notes that it must construe her pleadings with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [courts] construe pro se briefs liberally"). Even under the most

liberal construction of her motion for reconsideration, however, Ms. Felton has not submitted additional documentation nor argumentation to support a right to have this case reopened.

Briefly, the Court notes that there has not been an intervening change in the law since it issued its Order & Reasons. But the Court will look to the documents submitted by Plaintiff with the motion to determine if Ms. Felton has "'clearly establish[ed] either a manifest error of law or fact or [has] present[ed] newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

Ms. Felton has not presented documentation to support a manifest error of law or fact, nor presented documents that, even liberally construed, constitute newly discovered evidence. For example, Ms. Felton again attaches what appear to be screenshots from her Delgado student account and/or her loan servicer website. R. Doc. 21-1. The Court considered similar records in its Rule 12(h)(3) analysis. *Compare* R. Doc. 15-1 at 3–4 *with* R. Doc. 21-1 at 3–4 (website portals that do not appear to be her *banking* portals which reflect identical nominal deductions from her student loans). If, for example, Ms. Felton had submitted copies of her bank statements which reflect that the amounts listed in her student portal and loan servicer portals *was not the ultimate amount deposited in her bank account*, perhaps the Court could consider her attachments as new evidence that warrant consideration to prevent a manifest error of fact.

But even in that event, the aggregate amount of loan money due to be deposited into her bank account—as reflected in her student portal and loan servicer portal—must be so great that the amount in controversy could plausibly exceed $75,000.00. The Court does not find that is possible under the present facts and with the present record. Instead, it appears to the Court that Ms. Felton's ultimate concerns may lay with her loan services provider or her school, since she

only attaches documents from those two entities. On this record, Plaintiff has not submitted any new evidence (1) relative to her banking service provider, nor (2) that could allow the Court to conclude that the amount in controversy could be satisfied. The Court will not grant the extraordinary remedy of reconsidering its final judgment in this matter.

### IV.    CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, R. Doc. 21, is **DENIED**.

New Orleans, Louisiana, this 24th day of March, 2026.

_____
THE HONORABLE ELDON E. FALLON